United States District Court
Southern District of Texas
**ENTERED**
February 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROYLETHA  DIXON, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:14-cv-02895 |
| | § | |
| FIRST CHOICE MESSENGERS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant, First Choice Messengers, Inc. ("First Choice"), motion for summary judgment (Dkt. Nos. 9 & 10).  The plaintiff, Royletha Dixon (the "plaintiff"), has filed a response in opposition to First Choice's motion, (Dkt. No. 14), and First Choice has filed a reply.  (Dkt. No. 15).  After having carefully considered the motion, response, reply, the record and the applicable law, the Court determines that First Choice's motion for summary judgment should be **GRANTED**.

### II.   FACTUAL BACKGROUND

The plaintiff alleges that, from around February 2009 through 2014, she was employed as a "carrier" for First Choice, driving to various locations throughout the Houston area to pick-up and/or drop-off blood samples, urine samples, bank deposits, and other materials on First Choice's behalf.  On March 26, 2012, the plaintiff agreed to furnish certain equipment, together with drivers and all other necessary labor, to First Choice pursuant to an Independent Contractor Agreement of even date executed by the parties.  (*See* Dkt. No. 11, Ex. 1).

On October 13, 2014, the plaintiff initiated the instant action against First Choice alleging that, during some of the workweeks within her tenure, First Choice failed to pay her overtime

compensation in accordance with the Fair Labor Standards Act ("FLSA").  First Choice denies the plaintiff's claim, asserting that the plaintiff provided no labor to it, in any seven-day period during the calendar year of 2012 or 2013, that would have been in excess of 40 hours per week. First Choice now moves for a summary judgment on the plaintiff's claim.

## III.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'"  *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)).  It may not

satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV.    ANALYSIS AND DISCUSSION

The plaintiff argues that First Choice is liable under the FLSA for its failure to compensate her for hours worked in excess of 40 hours a week.[1]  First Choice moves for a summary judgment on her claim, asserting that the plaintiff is not entitled to overtime compensation from it under the FLSA and that, even assuming the plaintiff qualifies as its "employee" within the meaning of the FLSA, she has failed to submit sufficient evidence of the amount and extent of her work performed for it sufficient to warrant overtime compensation. The Fair Labor Standards Act provides, in pertinent part, that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation."  *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)).  When, however, the employer has no knowledge that an employee engaged in overtime work and the employee fails to notify the employer of the same or purposely prevents the employer from obtaining such knowledge of the overtime work, the employer's failure to render compensation for the overtime hours performed will not be deemed a violation of § 207.  *Id.*

An employee who initiates a lawsuit for unpaid overtime compensation under the FLSA is required to first establish that she completed work for which she was not paid.  *Harvill v.*

---

[1] For purposes of this motion, the Court will assume that the plaintiff qualifies as First Choice's "employee" under the FLSA.

*Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (citing *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 687 - 88, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)).   The employee has satisfied her burden if she proves:

> that [she] has in fact performed work for which [she] was improperly compensated and if [she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate.

*Id.*

     In an attempt to satisfy her burden, the plaintiff submits her own sworn declaration.  In her declaration, she makes the vague assertion that "[d]uring the time that [she] worked, [she] worked approximately 55 hours per week for both [First Choice and Local Express, Inc.—a non-party to this lawsuit]."  (Dkt. No. 14-1).  She also contends that she was paid an average of $2200 per month---an amount which slightly differs from that alleged by her in her complaint.[2] (*Id.*)  She further contends that her average pay was $9.24 per hour.  (*Id.*)  Finally, without offering a modicum of support for her contentions, she maintains that she worked approximately 141 weeks for First Choice and that, as a result, she is owed $69.30 for each hour of overtime worked, which equates to overtime damages in the amount of $9,771.30.  (*Id.*)

     The plaintiff's declaration, without more, is insufficient to raise a genuine issue of fact for trial in light of First Choice's business records specifically denoting the hours worked by the plaintiff during any particular pay period and the plaintiff's failure to dispute the same or otherwise point to records which appear to demonstrate that First Choice under-reported her time.  Nor does she attempt to support her response or declaration with copies of her relevant tax

---

[2] In her complaint, the plaintiff alleges that she "was paid a salary of $1150 every 7th and 21st of the month."  (Dkt. No. 1 at ¶ 19.)

records, check stubs, route sheets, bank statements, deposit slips or any other pay records. Simply put, the plaintiff has not produced any evidence as to when her purported hours were worked or regarding the nature and extent of the work she performed during the hours alleged, apart from her *own* unsubstantiated guesswork.   Indeed, "unsubstantiated and speculative estimate[s] of uncompensated overtime do[] not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp.2d 635, 668 (S.D. Tex. 2013) (citing *Harvill,* 433 F.3d at 441; *see also* 29 U.S.C. § 207(a)(1)).   Since the plaintiff has not submitted any evidence other than her own unsubstantiated assertions that she worked an estimated fifteen hours of unpaid overtime per week, the plaintiff has failed to raise a genuine issue of material fact for trial.  *See Harvill*, 433 F.3d at 441- 42 (affirming district court's grant of summary judgment on the plaintiff's overtime claim under the FLSA where the plaintiff "offered no factual allegations at all to substantiate her claim" and "presented no evidence of the amount or the extent of the hours she worked without compensation"); *see also Oti v. Green Oaks SCC, LLC*, No. 4:13-CV-816-A, 2015 WL 329216, at *3 (N.D. Tex. Jan. 23, 2015) (granting summary judgment for the defendant where "[a]side from plaintiff's admitted guess as to how many overtime hours she worked, [plaintiff] ha[d] produced no factual allegations as to when those hours were worked, what work was accomplished, or for how many of those hours she was not paid").

Additionally, in her response filed in opposition to First Choice's motion for summary judgment, the plaintiff, in an attempt to create a fact issue, argues, for the very first time, that First Choice qualifies as a "joint employer" under the FLSA, with Local Express, Inc., an admitted non-party.  Because the plaintiff raises First Choice's joint employment status for the very first time only in response to First Choice's motion for summary judgment, First Choice's

joint employment status is not properly before the Court and need not be considered.  *See Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metro. Life Ins. Co.,* 895 F.2d 1073, 1078 (5th Cir. 1990) (reasoning that a claim which is not raised in the complaint but rather raised, for the very first time, in response to a motion for summary judgment is not properly before the court and need not be considered)).   Even assuming that First Choice qualifies as a joint employer with Local Express under the FLSA, the plaintiff's claim for overtime compensation remains deficient and fails to raise a genuine issue of material fact sufficient to warrant a trial.

## V.    CONCLUSION

Based on the foregoing, First Choice's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 29th day of February, 2016.

_____
Kenneth M. Hoyt
United States District Judge